UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| DANIEL FRANKLIN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 14-3387 |
| KAREN SCHEIGHART, *et al.* | ) | |
| Defendants. | ) | |

## MERIT REVIEW OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently incarcerated at Sangamon County Jail, brings the present action pursuant to 42 U.S.C. § 1983 alleging constitutional violations that occurred while Plaintiff was civilly detained at McFarland Mental Health Center.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is

plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

Plaintiff became a resident at McFarland Mental Health Center ("McFarland") pursuant to state court criminal proceedings related to his fitness to stand trial. Plaintiff alleges that he suffers from several medical conditions requiring ongoing care, including dementia, Parkinson's disease, heart disease, and other neurological disorders. Plaintiff alleges that officials at McFarland failed to provide him with specialized neurological medical care and, as a result, his conditions worsened. In addition, Plaintiff alleges that he suffered from stress-related seizures, and that officials failed to provide adequate dental care.

Plaintiff alleges that he was denied access to the courts because McFarland officials prevented him from attending a hearing for his state court criminal case, denying or otherwise impeding Plaintiff's communication with his legal counsel, and preventing access to his legal documents. Plaintiff also alleges that officials retaliated against him for expressing his opinion that they were

unprofessional and acting in a manner contrary to his best interests.

## ANALYSIS

Plaintiff asserts theories of liability under 42 U.S.C. § 1983 for deliberate indifference to a serious medical need, denial of access to the courts, and a retaliation claim.

### Deliberate Indifference to a Serious Medical Need

As a resident of McFarland, Plaintiff's claims arise under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment's prohibition against cruel and unusual punishment. *Sain v. Wood*, 512 F.3d 886, 893 (7th Cir. 2008). Despite this distinction, there exists "little practical difference between the two standards." *Mayoral v. Sheahan*, 245 F.2d 934, 938 (7th Cir. 2001) (quoting *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000)).

Liability attaches when officials act with deliberate indifference to a detainee's serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). "An objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the

necessity for a doctor's attention." *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012) (internal quotations omitted). Plaintiff has sufficiently alleged that he suffers from a serious medical need.

Plaintiff, however, fails to allege sufficient facts to support a finding of deliberate indifference at this time. Deliberate indifference is more than negligence, but does not require the plaintiff to show that the defendants intended to cause harm. *Mayoral v. Sheehan*, 245 F.3d 934, 938 (7th Cir. 2001). Liability attaches under the Eighth Amendment when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff alleges only conclusory statements that he has been denied medical care. The only specific allegations concern the officials' failure to provide Plaintiff with specialized neurological care. This allegation on its own is not sufficient to support a claim for deliberate indifference. To state a claim, Plaintiff must allege facts that show "the need for specialized expertise either was known

by the treating physicians or would have been obvious to a lay person[.]" Pyles v. Fahim, 771 F.3d 403, 411 (7th Cir. 2014) (citations omitted). From the facts alleged, the Court cannot determine whether a specialist was warranted in Plaintiff's case, nor can the Court determine the nature of the medical care Plaintiff was receiving, or if he was receiving any at all. Plaintiff has failed to state a claim for deliberate indifference to a serious medical need. Plaintiff could potentially state a claim if he provides more facts concerning the nature of the medical care he received while at McFarland, and how the medical staff was deficient in meeting his medical needs. Therefore, Plaintiff is granted leave to file an amended complaint on this issue.

## Access to the Courts

Detainees have a constitutional right of access to the courts. Cf. Lewis v. Casey, 518 U.S. 343, 351 (1996) (prisoners have a fundamental right of access to the courts). An official is liable only if the official's conduct "prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement." Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006). Thus, at a minimum, a plaintiff must plead "the connection

between the alleged denial of access...and the inability to pursue a legitimate [claim]." Id.

Plaintiff alleges that McFarland officials denied him access to his legal materials and denied or otherwise impeded communication with his attorney. Plaintiff also alleges officials intentionally denied him access to the courts by not allowing him to attend a court hearing in his state criminal proceeding. Plaintiff has failed to state a claim because he has not alleged how those actions impeded a meritorious legal claim. Plaintiff could potentially state a claim if he provided more detail regarding the specific actions of specific individuals at McFarland, the nature of any legal harm actually incurred, and the connection between the two. Therefore, Plaintiff is granted leave to plead additional facts regarding the denial of access to the courts.

**Retaliation**

Plaintiff alleges that he was denied one of his meals as retaliation for expressing his opinion that McFarland employees were unprofessional and acting in a manner counterproductive to his medical needs. To prevail on a retaliation claim, the Plaintiff must show that he engaged in activity protected by the First

Amendment; he suffered a deprivation that would likely deter First Amendment activity in the future; and the First Amendment activity motivated the decision to take retaliatory action. Bridges v. Gilbert, 557 F.3d 541, 553 (7th Cir. 2009). Plaintiff's opinions could be a protected First Amendment activity if "not inconsistent with legitimate penological interests," id. at 551, though from the Complaint the Court cannot tell whether this is the case. Plaintiff, however, has not alleged how being denied one meal on one occasion would likely deter such future activity, even when assuming that Plaintiff's expression in this case was protected and that the officials were motivated to act by said speech. At this point, Plaintiff has not stated a First Amendment retaliation claim. Plaintiff is granted leave to plead additional facts regarding this issue.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint with respect to the deliberate indifference to a serious medical need, access to the courts,

and retaliation claims.  Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.  Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety.  Accordingly, the amended complaint must contain all allegations against all Defendants.  Piecemeal amendments are not accepted.

ENTERED:     April 23, 2015.

FOR THE COURT:

<em>s/Sue E. Myerscough</em><br>
SUE E. MYERSCOUGH<br>
UNITED STATES DISTRICT JUDGE